UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK COLIN JENNINGS II,

    Plaintiff,                                            Case No. 2:16-cv-11864
v.                                                      Hon. Victoria A. Roberts

ANDY REYES, ET. AL.,

    Defendant.
_____/

**ORDER OF SUMMARY DISMISSAL**

This matter is pending before the Court on the pro se civil rights complaint filed by Michigan prisoner Mark Colin Jennings II. Plaintiff was convicted of first-degree criminal sexual conduct in the Saginaw County Circuit Court, and he is serving a sentence of 30 to 50 years. The conviction involved Plaintiff's daughter, Katreena Jennings, when she was under 16 years of age. See *Jennings v. Smith*, Eastern District of Michigan No. 13-cv-14015, Dkt. 1, at 9. Similar acts evidence was admitted at trial regarding Plaintiff's other daughter, Cassandra Jennings. Id. Plaintiff alleges in the present action that defendant Andy Reyes, a child protective service worker, and other named defendants, violated his constitutional rights when they transferred custody of Cassandra Jennings to defendant Laura Henderson. For the reasons that follow, the complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

I.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for

1

this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service of a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege (1) the deprivation of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

II.

Plaintiff alleges that his constitutional rights were violated during state proceedings in which he lost custody of his daughter. To the extent Plaintiff seeks to invalidate a custody order, the Supreme Court has long held that the federal courts do not have jurisdiction over questions involving divorce, alimony, or child custody. *Barber v. Barber*, 62 U.S. (21 How.) 582, 584, 16 L. Ed. 226 (1858). "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the state and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890). The Supreme Court has consistently held that federal courts lack the power to issue divorce, alimony and child-custody decrees. See *Ankenbrandt v. Richards*, 504 U.S. 689, 703-07 (1992). "Even when brought under the guise of a federal question action, a suit whose subject is domestic relations generally will

not be entertained in a federal court." *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981); see also *Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502 (1982) (denying federal habeas corpus jurisdiction in a challenge to state-court involuntary termination of parental rights).

Plaintiff's allegations demonstrate "that the instant case essentially is a pretense to obtain federal review of domestic relations matters. As such, plaintiff's complaint constitutes an impermissible attack on state court proceedings." *Danforth v. Celebrezze*, 76 F. App'x. 615, 617 (6th Cir. 2003). This Court therefore lacks jurisdiction to review Plaintiff's claims. *Id.*

Furthermore, the *Rooker-Feldman* doctrine provides that federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 482 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

The *Rooker-Feldman* doctrine prevents consideration of Plaintiff's claims as to any alleged violation of his rights that occurred concerning the termination of his parental rights in state court proceedings because such claims amount to nothing more than an impermissible "back-door," or collateral, challenge to an adverse order entered in the state probate court. See *Stephens v. Hayes*, 374 F. App'x 620, 623 (6th Cir. 2010) (affirming dismissal of parents' tort claims that collaterally attacked state court judgments which terminated their parental rights based on both the *Rooker-Feldman* doctrine's principles of comity, and deference to state expertise in the field of domestic relations); *Partridge v. Ohio*, 79 F. App'x 844, 845-46 (6th Cir. 2003) ("Partridge's federal case is essentially an

impermissible appeal of the state court judgment as it raises specific grievances regarding decisions of Ohio's domestic relations courts.").

Plaintiff's § 1983 claims therefore must be dismissed for lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

IV.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B). The Court also concludes that an appeal from this order would be frivolous and cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). This action constitutes a **STRIKE** under 28 U.S.C. § 1915(g).

**SO ORDERED**.

S/Victoria A. Roberts
United States District Court

Dated: June 1, 2016

4