UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK COLIN JENNINGS II,

    Plaintiff,                                 Case No. 2:16-cv-11864

v.                                            Hon. Victoria A. Roberts

ANDY REYES, ET. AL.,

    Defendant.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION AND TO AMEND COMPLAINT [Dkt. 7]**

This is a pro se civil rights complaint filed by Michigan prisoner Mark Colin Jennings II, who is serving a lengthy sentence for his criminal sexual conduct convictions. The original complaint alleged that defendant Andy Reyes, a child protective service worker, and other named defendants, violated his constitutional rights when they transferred custody of one of his children to defendant Laura Henderson. The Court summarily dismissed the complaint because it involved a domestic relations matter (see *Barber v. Barber*, 62 U.S. (21 How.) 582, 584, 16 L. Ed. 226 (1858)), and because it amounted to in impermissible collateral challenge to an adverse order entered by a state probate court. See *Stephens v. Hayes*, 374 F. App'x 620, 623 (6th Cir. 2010).

Presently before the Court is Plaintiff's motion for reconsideration and to amend the complaint. Plaintiff now alleges that this case does not seek to alter a child custody order because the person at issue is now an adult, and he alleges that the complained-of actions occurred before any state court order was entered, thus the case is not a collateral attack

1

on a state court order barred by the *Rooker-Feldman* doctrine. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger*, 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004); *Hence v. Smith*, 49 F. Supp. 2d 547, 550-51 (E.D. Mich. 1999). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward*, 340 F. Supp. 2d at 774.

Plaintiff's new allegations do not alter the result reached by the Court upon initial consideration of the complaint. Plaintiff alleges that Defendants removed his daughter from his custody on May 20, 2008, and transferred custody to his ex-wife without his consent. Dkt. 7, at 2. Plaintiff alleges that the transfer of custody violated Michigan Court Rule 3.963(A) because "no exigent circumstances were involved." Id. He also seems to allege that no hearing or order was entered under Rule 3.963(B), a state law that includes a provision for ex parte placement orders when a child is taken into protective custody. See Rule 3.963(B)(4). Plaintiff concedes, however, that custody of his daughter and termination of his parental rights were adjudicated in the state courts on or about September 16, 2009. Id. Plaintiff fails to allege how the initial removal of his daughter by Defendants is not "inextricably intertwined" with the ultimate decision of the state court to terminate his parental rights. *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002) (federal courts lack subject matter jurisdiction to adjudicate claims "inextricably

intertwined" with issues decided in state court proceedings). As such, his claims are barred by the *Rooker-Feldman* doctrine. Accordingly, Petitioner's motion for reconsideration is **DENIED.**

**SO ORDERED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Court

Dated: June 17, 2016